THE STATE
v.
SANDERS.

May Term, 1851.

---

THE STATE *v.* SANDERS and Another.—In Error.

THIS was an indictment against the defendants for neglect of official duty as members of the board of commissioners of *Vanderburgh* county, in failing, at their *March* session, 1850, to examine into, and make report upon, the accounts and proceedings of the auditor and treasurer of said county, in relation to the surplus revenue fund of that county, in obedience to sections 100, 101, and 102, p. 252, of the R. S. The indictment contained two counts and was quashed below.

The objection to the indictment, urged in this Court is, that it does not, in either count, show that the auditor and treasurer of said county had made, or were ready and willing to make, reports of their proceedings in regard to said fund, to said commissioners, at that term; nor that they were, or were willing to be, personally present at such an examination. By section 98, p. 252, ss. 95, 96, p. 251, and ss. 63, 64, p. 247, R. S., the county auditors and treasurers are required to "keep fair and regular entries of the sums received and paid out on account of said fund," [surplus revenue fund] and to "include the same in their annual reports." "In addition thereto, the auditor [says the statute] shall keep fair and regular accounts with the borrowers of said fund, and shall report the names of borrowers with his annual re-

port." By section 103, p. 253, R. S., the auditor and treasurer are liable to indictment for neglect of these duties. These reports of the auditor and treasurer are to be made annually to the county commissioners, at their *March* session, and are designed evidently to furnish the basis of the examination required to be made by the commissioners; and without these reports, and the presence of the officers making them, the commissioners could not perform the duty required of them in sections 100, 101, and 102, *supra;* and, hence, could not be guilty of neglecting to perform that duty where those reports and that presence were withheld from them. And it seems to us that the indictment against them in this case charging such neglect, should show the existence of the circumstances which rendered it possible for them to perform the act, the omission of which is complained of.

The judgment below is affirmed.

*J. E. Blythe*, for the state.

*C. Baker*, for the defendants.